IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHIRLEY STALLWORTH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>)<br>Defendant, )<br>_____) | CIVIL ACTION<br>FILE NO.<br> 2:22-CV-061-RWS |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shirley Stallworth, by and through undersigned counsel, and brings this Complaint against the above-named Defendant, and shows this Court as follows:

1.

Plaintiff is a resident of Madison County, Alabama.

2.

Defendant Wal-Mart Stores East, LP. is a foreign for-profit corporation with its principal office at 708 SW 8th Street, Bentonville, Arkansas 72716. Defendant may be served through its registered agent in Forsyth County, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia

30040.

3.

Defendant maintains a registered agent in Forsyth County, Georgia within the Northern District of Georgia, Atlanta Division.

## JURISDICTION AND VENUE

4.

Plaintiff realleges paragraphs 1 through 3 as if they were set forth herein, verbatim.

5.

This action is brought pursuant to 28 U.S.C. § 1332, as there is complete diversity between the Plaintiff and Defendant.

6.

Plaintiff had previously demanded a sum over $75,000.00, as required by 28 U.S.C. § 1332(a).

7.

As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, because Defendant maintains contacts with the

geographic area sufficient for Defendant to be subject to this Court.

## FACTUAL AND LEGAL ALLEGATIONS

9.

Plaintiff realleges paragraphs 1 through 8 above as if they were set forth herein, verbatim.

10.

Defendant owns and operates a store at 3209 Deans Bridge Road, in Augusta, Georgia 30906 ("the premises").

11.

On July 6, 2020, Plaintiff was an invitee shopping on the premises.

12.

At said place and time, Plaintiff was walking inside the premises near the back of the store, when she slipped and fell on a banana peel on the floor.

13.

Plaintiff was unable to visualize or appreciate the banana peel on the floor.

14.

The condition of the floor constituted a hazardous condition on the premises.

15.

No hazardous condition warnings were placed in a conspicuous location to

warn Plaintiff of the hazard on the premises.

16.

At said place and time, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions on its premises.

17.

Defendant breached this duty of care by, among other things, failing to keep the area safe for Plaintiff, failing to warn Plaintiff of the dangerous condition, and failing to regularly inspect and/or maintain the area so as to discover and remove hazards.

18.

Defendant had actual or constructive knowledge of the hazardous condition caused by the banana peel on the floor.

19.

As a direct and proximate result of Defendant's negligence, Plaintiff received personal injuries and incurred extensive charges for medical treatment in excess of $40,085.00 to date.

20.

Plaintiff alleges that she has incurred total damages exceeding $75,000.

21.

As a further direct and proximate result of Defendant's negligence, Plaintiff has sustained great physical and mental pain and suffering, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to a judgment against Defendants for a sum to be determined by the jury to constitute full and complete compensation for all her injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a)     That service of process issue upon Defendant as provided by law;

(b)     That Plaintiff be awarded compensatory damages and general damages for pain and suffering, past, present and future in a sum and amount to be shown exceeding $75,000 at trial in accordance with the enlightened conscience of an impartial jury;

(c)     That Plaintiff have a trial by jury on all issues; and

(c)     That Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Kathleen M. Edwards-Opperman*
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000